SIMEON B. JEWETT *against* SAMUEL MILLER and others.

*Receiver, selling property, cannot be purchaser for his own use. Equitable estoppel.*

THE defendant, Miller, as receiver of the Wayne Co. Bank, held a bond and mortgage, given by Abram Cook, for $10,000. A prior mortgage upon the same property, held by the Comptroller, was foreclosed in Chancery, and Miller became the purchaser of the mortgaged premises at $2,850. He subsequently advertised for sale at auction, among the assets of the bank, the bond and mortgage of Cook, without mentioning in the notice the prior mortgage, or its foreclosure, or the purchase by himself. During the biddings upon the bond and mortgage, and before they were struck off, he gave such notice. The plaintiff became the purchaser, and the bond and mortgage were assigned to him by Miller. The bill in this cause was filed to foreclose the mortgage, making Miller a party, and claiming that he held the mortgaged property, as receiver, subject to the *lien* only for the $2,850 paid by him, and interest thereon.

*Held*, that Miller, while acting as receiver, could not purchase the property, and hold it for his own use, and that his purchase would enure to the benefit of the creditors and stockholders of the bank, at their election. But that the plaintiff did not, by his purchase of the

bond and mortgage, obtain the right to question Miller's title.

That Miller, as against him, was not estopped by the sale (after having given the notice at the biddings) from alleging that the prior purchase by him was on his individual account, and cut off the lien of the plaintiff's mortgage.

An equitable estoppel never takes place, when the one party *did not intend to mislead*, and the other party *was not actually misled*.

(S. C., 10 N. Y. 402.)